IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID PLUMMER ) <br> ) <br> Defendant ) | Civil Action No. 08-1705 <br> Judge Nora Barry Fischer |

## **MEMORANDUM**

This matter is before the Court on a Notice of Removal and Motion to Dismiss filed by Defendant David Plummer ("Defendant") in the above matter on December 15, 2008 (Docket Nos. 1 & 2). "A federal district court is to examine promptly the notice of removal of a criminal prosecution. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." *Commonwealth of Pennsylvania. v. Lucabaugh*, No. Civ. A. 04-3400, 2004 WL 2624740, at *3 (E.D.Pa. Nov. 18, 2004)(citing 28 U.S.C. § 1446(c)(2). Based on the following, the Court finds that the removal is without legal basis and the matter is remanded to state court.

In said Notice, Defendant seeks to remove a summary criminal matter filed against him to this Court and asserts that removal is proper under 28 U.S.C. §§ 1441, 1443, 1446 and 1447. His pleading is confused but in essence states the following. A private criminal complaint was filed against him by Richard Simon in July of 2008 alleging defiant trespass for his alleged presence at property located at 196 Wilmot St. Duquesne, PA 15110. Defendant claims ownership to title in this property as does Mr. Simon. A summons for a summary case non-traffic (attached to the Notice)

1

against Defendant was issued by Scott H. Schricker, Magisterial District Judge for District 05-2-47 on July 21, 2008 for Defiant Trespass under 18 Pa.C.S. § 3503. Defendant alleges that a change of venue order was issued by President Judge James of the Court of Common Pleas of Allegheny County and the action was transferred to Magisterial District Court 05-2-14 before Magisterial District Judge Richard Olasz, Jr.

A summary trial was held before Judge Olasz on December 3, 2008. Defendant avers that he attempted to make pretrial requests or motions to dismiss the citation and to disqualify Judge Olasz whom he claims is friendly with Richard Simon. Both of these requests/motions were denied. Defendant states that evidence offered by Simon was accepted by Judge Olasz. Defendant refused to testify or submit evidence related to the ownership of title in the property. Defendant maintains that at some point the matter was "transformed" by Judge Olasz from a summary criminal trial into an assumpsit civil trial. It appears that a verdict was not rendered at that time or has yet to be rendered as Defendant alleges that "[t]he Judge intends to and will fabricate a bases [sic] for a guilty verdict based upon the fraudulent evidence it received without this courts [sic] intervention." (Docket No. 1 at ¶ 13). Defendant also contends that the "Judge without authority directed the Duquesne Police force, thru [sic] its Chief Richard Adams," to arrest him if he was found on the property.

The Court finds that as this is a state criminal matter, the action is not removable under 28 U.S.C. § 1441 which authorizes the removal of civil actions only. *See* 28 U.S.C. § 1441. Further, Defendant has not attempted to remove any parallel civil action initiated against him by the Plaintiff, the Commonwealth of Pennsylvania, if there is one. Likewise, this matter is not removable under 28 U.S.C. §§ 1446 or 1447 as neither statute authorizes removal but each governs the procedures

applicable to effectuate removal and related proceedings. *See generally* 28 U.S.C. §§ 1446, 1447. Finally, while removal of state criminal matters is permitted in limited instances under 28 U.S.C. § 1443, removal is not proper on the basis of the claims alleged by the instant Defendant here. Section 1443 provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A state court defendant who seeks removal of a criminal prosecution to federal court under 28 U.S.C. § 1443(1) "must demonstrate both (1) that he is being deprived of rights guaranteed by a federal law 'providing for ... equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)(quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). With respect to the first prong, in *Rachel*, the Supreme Court determined that "the phrase 'any law providing for ... equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 at 792 (quoting 28 U.S.C. § 1443(a)).

In addition, this action is not properly removed under 28 U.S.C. § 1443(1) as Defendant's claimed basis for removal is not that any law is being violated that involves racial inequality but that

Rules 420-471 (summary trial procedures) of the Pennsylvania Rules of Criminal Procedure and 28 U.S.C. § 1446(c)(3) generally violate the Constitution. *See Lucabaugh*, 2004 WL 2624740, at *3 (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975))("[a] state court defendant's claim that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination is insufficient for removal."). Finally, removal of this matter is not proper under 28 U.S.C. §1443(2) as Defendant is not a federal officer or agent. *See City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966)(28 U.S.C. § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.").

Accordingly, as there is no legal basis for removal of this action, it is hereby remanded to state court and Defendant's Motion to Dismiss [2] is denied, as moot. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 17, 2008

cc: David Plummer
196 Wilmot Street
Duquesne, PA 15110